UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHERRY KENDALL COURTADE** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-6144** |
| **ALLSTATE INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(1)** |

### ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 4). For the following reasons, the Plaintiffs' motion is GRANTED IN PART.[1]

**I.     BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's home at 3733 Blanchard Drive in Chalmette, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Allstate Insurance Company ("Allstate"), the Plaintiff's homeowner's insurance carrier, and Frank B. Capella, III, an Allstate agent.

In August of 2006, the Plaintiff filed the present action in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. The Plaintiff alleges that she is entitled to payment from Allstate for damages and losses to the property, in addition to bad-faith penalties under Louisiana law and damages for mental anguish. The Plaintiff also alleges that Capella made various misrepresentations and failed to procure adequate insurance.

Allstate removed this case to federal court on September 20, 2006, contending that this Court has jurisdiction under either of the following provisions:  (1) diversity jurisdiction under

---

[1] Accordingly, the parties in this case need not appear for the joint early status conference on February 8, 2007.

28 U.S.C. § 1332, because Capella is improperly joined and the amount-in-controversy exceeds $75,000; or (2) the MultiParty, MultiForum Trial Jurisdiction Act pursuant to 28 U.S.C. § 1369. On October 18, 2006, the Plaintiff filed the instant motion to remand.

## II.   LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### A.   Diversity Jurisdiction

Allstate contends that the Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiff and the properly joined Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Allstate asserts that diversity of citizenship exists because Capella, the non-diverse defendant, was improperly joined and, therefore, that the Court must disregard the citizenship of this defendant. "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in

state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

Allstate asserts that the Plaintiff's claims against Capella are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents. Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, her claim must be dismissed. Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, her claim must be dismissed. Allstate argues that this one-year peremptive period commenced, at the latest, when the Plaintiff last renewed her policy on April 23, 2005. However, the parties have submitted competing affidavits with respect to the date from which the peremptive periods should run. Without further factual development, the Court cannot conclude that the Plaintiff has no possibility of recovery against the in-state defendant in this case. *See, e.g., S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006). Accordingly, the Court finds that Capella was not improperly joined and, thus, that diversity jurisdiction does not exist in this case. *See, e.g., Alfonso v. State Farm Ins. Co.*, No. 06-6691, 2007 WL 119463 (E.D. La. Jan. 10, 2007).[2]

---

[2] In the alternative, Allstate argues that Capella is improperly joined because the Plaintiff's claims against Capella and Allstate arise out of completely separate transactions and occurrences and involve separate issues of law and fact. The Court finds, however, that the

3

B.      **Multiparty, Multiforum Trial Jurisdiction Act**

Allstate also asserts that federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). Allstate contends that removal was proper pursuant to 28 U.S.C. § 1441(e)(1)(A) because this action could have been brought in a United States district court under 28 U.S.C. § 1369.

Section 1369 creates original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). The Eastern District has consistently found that the MMTJA does not confer federal jurisdiction over cases arising out of Hurricane Katrina, in part because the requisite number of deaths did not occur at a "discrete location." *See, e.g., Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006 WL 3615064, at *6-15 (E.D. La. Dec. 11, 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006). This Court agrees and finds that the MMTJA does not confer federal jurisdiction in this case.

## III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is GRANTED IN PART and that this matter is hereby REMANDED to the 34th Judicial District

---

joinder of the Plaintiff's claims against Allstate and Capella are not "so egregious as to constitute fraudulent joinder," as these claims arise from damages sustained to the Plaintiff's property during Hurricanes Katrina. *See Barash v. Encompass Indem. Co.*, No. 06-9438, 2006 WL 3791310, at *5 (E.D. La. Dec. 21, 2006) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), and discussing similar cases).

Lastly, having found that diversity of citizenship does not exist, the Court need not consider whether the amount-in-controversy requirement has been satisfied.

Court for the Parish of St. Bernard, State of Louisiana.  However, the Plaintiff's request for attorneys' fees and costs is DENIED.

New Orleans, Louisiana, this  7th  day of   February  , 2007.

_____
UNITED STATES DISTRICT JUDGE